IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BLair WINFIELD DUNHAM,  )<br>  )<br>     Plaintiff,  )<br>  )<br>  )<br>v.  )<br>  )<br>KOOTENAI COUNTY, *et al.*,  )<br>  )<br>     Defendants.  )<br>_____ ) | Case No. CV-09-129-N-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion for Attorney Fees (Docket No. 36) and Defendants' Amended Motion for Attorney Fees (Docket No. 37). The amended motion was filed to clarify the amount of fees requested. Accordingly, the original motion will be deemed moot, and the Court will address only the amended motion.

## ANALYSIS

On February 10, 2010, this Court granted summary judgment in favor of Defendants on all of Plaintiff's claims. Defendants now seek attorney fees. Pursuant to 42 U.S.C. § 1988(b), a court may award reasonable attorney fees as

**Memorandum Decision and Order - 1**

part of the costs to the prevailing party in an action to enforce a provision of 42 U.S.C. § 1983. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006); 42 U.S.C. § 1988(b). There is no dispute that Defendants are the prevailing party in this case.

Where the defendant is the prevailing party in a Section 1983 case, the Court should award attorney fees only if the plaintiff's claims were "frivolous, unreasonable, or without foundation." *Id*. In determining whether this standard is met, a district court must assess the claims at the time the complaint was filed. *Id*. The Court must not simply conclude that because a plaintiff did not prevail, her action must have been unreasonable or without foundation. *Id*.

The Ninth Circuit states that a case is frivolous only when the "result is obvious or the . . . arguments of error are wholly without merit. . . ." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (Internal quotations and citations omitted). "A case is less likely to be considered frivolous when there is very little case law directly apposite." *Id*.

Defendants contend that Plaintiff's illegal search and seizure claims were frivolous because there is a plethora of relevant case law on illegal search and seizure. Defendants are correct that there is no short supply of case law on illegal search and seizure cases. Defendants are also correct that much of that case law

**Memorandum Decision and Order - 2**

deals directly with the nuances presented in this case – the open fields doctrine, defining curtilage, and the plain view exception to illegal seizures.

However, applying the law to the specific facts of a case is not always as straightforward and easy as Defendants suggest.  For example, as explained in the Court's earlier Memorandum Decision and Order granting summary judgment, questions of curtilage are resolved with specific reference to four factors: (1) the proximity of the area claimed to be curtilage to the home; (2) whether the subject area is included in an enclosure surrounding the home; (3) the nature of the uses to which the area is put; and (4) the steps taken by the resident to protect the area from observation by passers-by.  *United States v. Johnson*, 256 F.3d 895, 901 (9th Cir. 2001) (per curiam) (citing *United States v. Dunn*, 480 U.S. 294, 301 (1987).  These factors are not mechanically applied.  *Id*.  Instead, they are analytical tools used to determine whether an area should be afforded protection from unconstitutional searches.  *Id*.

This case involved a unique set of circumstances which affected the curtilage analysis.  There was no one reported case sufficiently similar to the facts of this case so that the Court could simply adopt another court's reasoning and conclusion.  Therefore, although this Court ultimately determined that the horses in this case were not located in an area recognized as curtilage, Plaintiff's claims did

**Memorandum Decision and Order - 3**

not fall into the category of frivolous, unreasonable or without merit. At the time the Complaint was filed, the result of Plaintiff's claims was not obvious. *Karam*, 352 F.3d at 1195.

Similarly, factual distinctions also prevented the Court from simply adopting the reasoning of another case with respect to whether the horses were found in plain view as that exception applies to illegal seizures. Accordingly, attorney fees are not appropriate for the illegal search and seizure claims.

The malicious prosecution claim is a somewhat closer call, but it still does not fall into the category of frivolous, unreasonable or without merit. Under the malicious prosecution claim, the Court concluded that Plaintiff was unable to meet her burden of providing evidence that she was prosecuted without probable cause – one of the three elements of a malicious prosecution claim.

However, under the circumstances of this case, it was not unreasonable for Plaintiff to argue otherwise, given Idaho's definition of probable cause as "information that would lead a man of ordinary care and prudence to believe or entertain an honest and strong suspicion that a person is guilty." *Herold v. Idaho State School for the Deaf and Blind*, 732 P.2d 379, 381 (Idaho App.,1987). Plaintiff legitimately questioned whether that was the case when she filed her Complaint.

**Memorandum Decision and Order - 4**

Finally, as to Plaintiff's remaining claims, it was somewhat unclear whether Plaintiff even meant to assert these additional claims in her Complaint. Therefore, Defendants moved for summary judgment on all the additional potential claims out of an abundance of caution. Plaintiff then failed to respond in any meaningful way to Defendants' motion on these claims. Accordingly, the Court dealt with them in short order and dismissed them all.

It certainly would have been more prudent for Plaintiff to make clear whether she was asserting these claims in her Complaint. At the very least, Plaintiff should have specifically stated in her response to the motion for summary judgment that she did not intend to assert the claims. However, because it is unclear whether the claims were actually asserted, and because the time and effort expended on addressing these claims was likely *de minimis* in relation to the other claims, the Court will not grant a fee award.[1]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Attorney Fees (Docket No. 36) shall be, and the same is hereby, DEEMED

---

[1] Counsel for both parties in this matter practice a fair amount in this Court. For that reason, the Court finds it prudent to include this footnote, informing counsel that in the future they should make a concerted effort to discuss among themselves whether certain claims are being asserted and/or whether certain claims should be dismissed without argument before filing dispositive motions. In fact, the District of Idaho recently instituted an informal case management process specifically for this purpose, and counsel should take advantage of that process in the future. It will likely save the parties time and money.

**Memorandum Decision and Order - 5**

MOOT.

IT IS FURTHER ORDERED that Defendants' Amended Motion for Attorney Fees (Docket No. 37) shall be, and the same is hereby, DENIED.

DATED: **May 5, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge